O

# United States District Court
# Central District of California

| | |
|---|---|
| MEHRABIAN FAMILY TRUST; CA AUTO MART GROUP, INC.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>JOAN F. WEIAND TRUST; JOAN F. WEIAND; WEIAND AUTOMOTIVE INDUSTRIES, INC.,<br><br>　　　　　　　Defendants. | Case № 2:15-cv-02105-ODW (AGRx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [39]** |

## I.  INTRODUCTION

Defendant Weiand Automotive Industries, Inc. ("Weiand Automotive") moves to dismiss the Complaint on the grounds that Plaintiffs' claims were discharged in Weiand Automotive's Chapter 11 bankruptcy.  In the alternative, Weiand Automotive argues that Plaintiffs' claims are barred under an Order approving a settlement in a prior lawsuit.  Weiand Automotive also attacks individual causes of action on various other grounds.  For the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part the Motion.[1]  (ECF No. 39.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

This is an action to recover underground contamination cleanup costs under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and related state law claims. Between 1972 and 1998, Weiand Automotive ran an automotive machine shop business on a property located in Los Angeles, California, during which time they allegedly contaminated the soil and groundwater under the property with hazardous substances. (Compl. ¶¶ 20–21, ECF No. 1.) This contamination migrated onto an adjacent property owned by Plaintiff Mehrabian Family Trust and leased by Plaintiff CA Auto Mart Group, Inc. (*Id.* ¶ 26.) Plaintiffs allege that they have incurred and will continue to incur costs to investigate and clean up the contamination, for which Weiand Automotive is allegedly required to reimburse them. (*Id.* ¶¶ 40, 41, 44, 64.)

In May 1999, Union Pacific Railroad Company, who owned a different property also adjacent to the Weiand Automotive property, filed a lawsuit against Weiand Automotive also seeking to recover site contamination cleanup costs under CERCLA. (Mot., Req. for Jud. Notice ["RJN"], Ex. M, ECF No. 41.) Weiand Automotive impleaded Plaintiff Mehrabian Family Trust in that action, but never served them with the Complaint. (*Id.* Ex. N.) In December 2000, Weiand Automotive settled with Union Pacific and moved for an order approving the settlement and barring future claims for contribution or equitable indemnity. (*Id.*) Weiand Automotive claims that they served their Motion on Plaintiff,[2] which Plaintiff did not oppose. (Mot. at 3–4; Mot., RJN, Exs. N, M.) The court entered the requested order on February 6, 2001 ("Bar Order"). (*Id.* Ex. M.)

On September 28, 2009, Weiand Automotive filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. (*Id.* Ex. A.) On December 17, 2009, an Order setting a bar date for filing proofs of claims was published in *USA Today*. (*Id.*

---

[2] Although there is a service list attached to that motion, there is no actual declaration attesting to service. (Mot., RJN, Ex. N.)

Ex. E.) On May 4, 2010, a Notice of Hearing and Objection Procedures for confirmation of a reorganization plan was also published in *USA Today*. (*Id.* Ex. F.) Plaintiffs never received actual notice of the bankruptcy proceedings, and never filed a proof of claim with the Bankruptcy Court. (*Id.* Exs. D, K.) On June 7, 2010, the Bankruptcy Court confirmed Weiand Automotive's reorganization plan and discharged all past and present claims, whether known or unknown, that were not specifically provided for in the plan. (*Id.* Ex. H.)

On March 2, 2015, Plaintiffs filed their Complaint. (ECF No. 1.) On July 2, 2015, Weiand Automotive filed a Motion to Dismiss. (ECF No. 39.) Plaintiffs filed a timely Opposition, and Weiand Automotive a timely Reply. (ECF Nos. 47, 49.) Weiand Automotive's Motion is now before the Court for consideration.

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, the complaint need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On a motion to dismiss, the court is generally limited to considering the allegations in the complaint and matters of which the court may take judicial notice. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). The court must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Id.* But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. *See* Fed. R. Civ. P. 15(a)(2). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the

challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986).

## IV. DISCUSSION

Weiand Automotive contends that Plaintiffs' claims are barred by both the Bankruptcy Court's discharge Order and the *Union Pacific* Bar Order. (Mot. at 9–18.) Weiand Automotive also attacks Plaintiffs' state law claims on various grounds. (Mot. at 18–25.) The Court will address each issue in turn.

### A. The Bankruptcy Discharge

Weiand Automotive contends that Plaintiffs' claims are barred by the Bankruptcy Court's discharge Order. Weiand Automotive argues that Plaintiffs were informed of any potential environmental cleanup claims in 2001 when they were served with the Motion to Approve Settlement from the *Union Pacific* matter, and thus these claims arose prior to the discharge Order in 2010. (Mot. at 9–11.) Similarly, because Plaintiffs never indicated that they intended to pursue any environmental cleanup claims in the nine years after the Motion was served on them, Weiand Automotive argues that Plaintiffs were unknown creditors that were not entitled to actual notice of the bankruptcy proceedings. (Mot. at 11–14.)

Both arguments clearly rely on factual issues that cannot be resolved on a motion to dismiss, such as whether or not Weiand Automotive served Plaintiffs with its Motion to Approve Settlement, and whether or not Plaintiffs thereafter told Weiand Automotive that they may pursue environmental cleanup claims against them. There are no allegations in the Complaint that speak to either issue, nor are there facts of which this Court may take judicial notice that would be dispositive as to either issue. Contrary to Weiand Automotive's assertion, the Court cannot take judicial notice of the fact that Weiand Automotive served Plaintiffs with its Motion based on the proof of service that was supposedly filed with the *Union Pacific* court. Even assuming the proof of service was indeed filed with the court (see *supra* note 2), the truth of a fact asserted in a declaration is not subject to judicial notice simply because the declaration

was filed with another court. *See In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 n.1 (9th Cir. 2010); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007). Weiand Automotive's arguments should be made on summary judgment, not on a motion to dismiss. *See, e.g.*, *In re Jensen*, 995 F.2d 925, 931 (9th Cir. 1993); *In re Zilog, Inc.*, 450 F.3d 996, 1002 (9th Cir. 2006); *see also Matter of Crystal Oil Co.*, 158 F.3d 291, 296, 298 (5th Cir. 1998) (noting that when claims arise under the Bankruptcy Code and whether plaintiffs were unknown creditors are fact-intensive issues).

### B. The *Union Pacific* Bar Order

Weiand Automotive argues that Plaintiffs' claims are all artfully pleaded claims for indemnity or contribution, and are therefore barred by the *Union Pacific* Bar Order. The Court disagrees. Plaintiffs' claims do not arise from any joint liability with Weiand Automotive for Union Pacific's injuries, and thus are not barred.

Both the Uniform Comparative Fault Act and California Code of Civil Procedure section 877.6 allow a settling defendant to request an order barring future claims against them for contribution and indemnity. *See AmeriPride Servs. Inc. v. Valley Indus. Servs., Inc.*, No. CIVS 00-113 LKK JFM, 2007 WL 1946635, at *4 (E.D. Cal. July 2, 2007) (applying section 6 of the Uniform Comparative Fault Act to a CERCLA settlement); Cal. Civ. Proc. Code § 877.6(c). However, such claims are prohibited only to the extent that they arise from joint liability with the settling defendant for the underlying plaintiff's injury. *See* Unif. Comparative Fault Act §§ 4, 6 (barring claims only "between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury"); Cal. Code Civ. Proc. § 877.6(c) (barring claims only by a "joint tortfeasor or co-obligor"); *Dell'Oca v. Bank of N.Y. Trust Co.*, 159 Cal. App. 4th 531, 561 (Ct. App. 2008) (defining joint tortfeasor as "persons jointly responsible for the same wrong or the same loss"); *see also Tortfeasor*, *Black's Law Dictionary* (10th ed. 2014).

Here, Plaintiffs allege that Weiand Automotive contaminated the soil beneath their own property, which then migrated onto Plaintiffs' property. Plaintiffs seek to

recover investigative and cleanup costs resulting from the contamination. Plaintiffs' claims clearly do not arise from any underlying liability to Union Pacific. The Bar Order is thus inapplicable.

### C. Statute of Limitations

Weiand Automotive next argues that Plaintiffs' claims for unjust enrichment, negligence, negligence per se, waste, equitable indemnity, and restitution are barred by California's three-year statute of limitations for injury to real property. (Mot. at 18–21.) Plaintiffs counter that the "discovery rule" delayed the accrual of these claims, and that they timely filed this action after realizing that they would need to incur cleanup costs as a result of the contamination. (Opp'n at 18–20.) The Court finds that Plaintiffs have not adequately alleged delayed discovery, and therefore dismisses these claims with leave to amend.

In California, claims arising from injury to real property are subject to a three-year statute of limitations. Cal. Code Civ. Proc. § 338(b); *Coppola v. Smith*, 935 F. Supp. 2d 993, 1030 (E.D. Cal. 2013). Under CERCLA's delayed-discovery rule, state law claims for property damage arising from "exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility" accrue no earlier than "the date the plaintiff knew (or reasonably should have known) that the . . . property damage[] . . . [was] caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(a)(1), (b)(4)(A). "[B]ecause the federal standard under CERCLA is more generous than California law in tolling the statute of limitations when a plaintiff's discovery of her claims is delayed, the federal commencement date preempts California's discovery rule." *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002). "In the absence of factual allegations that plausibly support application of the discovery rule, dismissal is appropriate." *Coppola*, 935 F. Supp. 2d at 1030; *see also O'Connor*, 311 F.3d at 1157–58.

Plaintiffs do not dispute that California's three-year statute of limitation applies

to these claims. As Plaintiffs filed their Complaint on March 20, 2015, they must allege facts showing that their claims accrued no earlier than March 20, 2012. Plaintiffs have not done so. Although they state in their Opposition that their claims did not accrue until "well after 2010," this is neither alleged in the Complaint nor sufficiently specific to show that the claims accrued on or after March 20, 2012.

Weiand Automotive further contends that Plaintiffs should not be given leave to plead delayed discovery because service of the *Union Pacific* Bar Order on Plaintiffs shows that they discovered their claims in 2001. For the reasons previously discussed, whether or not the Bar Order was actually served on Plaintiffs is a factual issue that cannot be resolved on a motion to dismiss. (*See supra* Part IV.A.) Plaintiffs' claims for unjust enrichment, negligence, negligence per se, waste, and equitable indemnity[3] are thus dismissed with leave to amend to properly allege delayed discovery.

### D.     Unjust Enrichment and Restitution

Weiand Automotive argues that California does not recognize a cause of action for either "restitution" or "unjust enrichment." (Mot. at 21–23.) Alternatively, Weiand Automotive argues that both claims fail as pleaded because Plaintiffs do not allege that Weiand Automotive received a benefit that was unjustly retained. (*Id.*) The Court disagrees on both counts.

California courts often use the terms "restitution," "unjust enrichment," "quasi-contract," "implied-in-law contract," and "quantum meruit" interchangeably. *See F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 346 (2008). Regardless of the label, the underlying theory is this: where the defendant has received a benefit from the plaintiff, and it is unjust for the defendant to retain that benefit, the defendant must make restitution to the plaintiff. *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004); *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1663 (1992). To achieve this result, the law implies a fictional contract between the parties, the breach of which

---

[3] The Court dismisses Plaintiffs' restitution claim without leave to amend on different grounds.

1 forms the basis of the defendant's liability. *See McBride*, 123 Cal. App. 4th at 388. While some California cases note that the label "restitution" or "unjust enrichment" is inappropriate for a cause of action under this theory, *see id.* at 387; *Munoz v. MacMillan*, 195 Cal. App. 4th 648, 661 (2011), none of the cases cited by Defendants hold that the theory of recovery *itself* is not recognized in California. *See Ghirardo v. Antonioli*, 14 Cal. 4th 39, 47 (1996) (holding that cross-complainant was "entitled to relief on a theory of unjust enrichment").

Here, Plaintiffs allege that Defendants were unjustly enriched because Plaintiffs paid Weiand Automotive's share of the response costs arising from the contamination, and because Weiand Automotive used Plaintiffs' property to dump contaminants without compensating Plaintiffs. (Compl. ¶¶ 43–44.) These allegations, if true, are sufficient to require Weiand Automotive to make restitution to Plaintiffs; that Plaintiffs incorrectly labeled the cause of action "unjust enrichment" is inconsequential. *McBride*, 123 Cal. App. 4th at 387 (when reviewing the sufficiency of a cause of action, "we ignore '[e]rroneous or confusing labels . . . if the complaint pleads facts which would entitle the plaintiff to relief.' Thus, we must look to the actual gravamen of [the] complaint to determine what cause of action, if any, [is] stated . . . ." (citations omitted)).

However, it does appear that Plaintiffs' thirteenth cause of action for "restitution" unnecessarily duplicates their second cause of action for "unjust enrichment." (*Compare* Compl. ¶¶ 42–44, *with id.* ¶¶ 102–106.) Plaintiffs' thirteenth cause of action for restitution is therefore dismissed without leave to amend.

**E.  Declaratory Relief**

The Court rejects Weiand Automotive's argument that the claims for declaratory relief are duplicative of other causes of action and thus should be dismissed. (Mot. at 23.) A declaratory relief claim under both CERCLA and state law regarding liability for future response costs is appropriate even where a claim to recover past response costs has been made. *City of Colton v. Am. Promotional Events,*

*Inc.-W.*, 614 F.3d 998, 1006 (9th Cir. 2010); *Cnty. of San Diego v. State*, 164 Cal. App. 4th 580, 608 (2008) ("'[D]eclaratory relief operates prospectively to declare future rights, rather than to redress past wrongs.'" (citation omitted)). Plaintiffs' declaratory relief causes of action are both directed (at least in part) at future response costs that they may incur, and thus are not duplicative of their causes of action seeking to recover past response costs. (Compl. ¶¶ 48, 59.)

### F.  Negligence Per Se

The Court also rejects Weiand Automotive's contention that California does not recognize a cause of action for negligence per se. (Mot. at 23.) The case cited by Weiand Automotive merely holds that a statutory violation does not alone establish tort liability under the rubric of "negligence per se," and that the plaintiff must still allege and prove the other elements of negligence in addition to the statutory violation. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1285 (2006). Here, Plaintiffs' cause of action for negligence per se adequately alleges not only a statutory violation, but also the remaining elements of a cause of action for negligence. (Compl. ¶¶ 79–86.) This is sufficient to withstand a motion to dismiss.

### G.  Waste

The Court also rejects Weiand Automotive's argument that Plaintiffs cannot assert a claim for waste because Weiand Automotive has no interest in Plaintiffs' property. (Mot. at 24–25.) While a claim for waste is typically "an action by an out-of-possession owner against an offending party in possession, nothing in the statutes or case law requires that the action for waste be directed solely against a party with an interest in the land." *Smith v. Cap Concrete, Inc.*, 133 Cal. App. 3d 769, 776 (1982) (citations and italics omitted). Thus, Plaintiff Mehrabian Family Trust, as owner of the injured property, may assert a claim for waste. However, Plaintiffs do not dispute that Plaintiff CA Auto Mart Group, Inc. cannot maintain a claim for waste. To the extent the Complaint makes such a claim, it is dismissed without leave to amend.

/ / /

### H. Attorney's Fees

Weiand Automotive's argument that Plaintiffs are not entitled to attorney's fees is based on the assumption that the Court would dismiss Plaintiffs' other claims. (Mot. at 25.) As the Court has not done so, Weiand Automotive's argument is moot.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Weiand Automotive's Motion to Dismiss without leave to amend with respect to Plaintiffs' thirteenth cause of action for restitution, and Plaintiff CA Auto Mart Group, Inc.'s tenth cause of action for waste. The Court also **GRANTS** the Motion with leave to amend as to Plaintiffs' causes of action for unjust enrichment, negligence, negligence per se, waste, and equitable indemnity. The Motion is **DENIED** in all other respects. (ECF No. 39.) Plaintiffs shall have 14 days leave of court to file a First Amended Complaint consistent with this Order. C.D. Cal. L.R. 15-1.

**IT IS SO ORDERED.**

September 11, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**