# United States District Court
# Central District of California

|  |  |
|---|---|
| MEHRABIAN FAMILY TRUST; CA AUTO MART GROUP, INC.,<br><br>            Plaintiffs,<br><br>    v.<br><br>JOAN F. WEIAND TRUST; JOAN F. WEIAND; WEIAND AUTOMOTIVE INDUSTRIES, INC.,<br><br>            Defendants. | Case  2:15-cv-02105- ODW (AGRx)<br><br>**ORDER TO SHOW CAUSE** |

On August 20, 2015, Defendant Weiand Automotive Industries, Inc. filed an Order from the Bankruptcy Court for the District of Delaware denying without prejudice its motion to reopen its bankruptcy proceedings for the purpose of determining whether or not Plaintiffs' claims in this lawsuit were discharged. (Reply, Req. for Jud. Notice, Ex. A, ECF No. 49-1.)  The Bankruptcy Court found that Weiand Automotive would not be prejudiced if the case were not reopened for that purpose because this Court was an adequate alternate forum in which to decide the issue.  (*Id.*)  However, the court denied the motion without prejudice to renewing the motion "should the California District Court prefer that [the Bankruptcy Court] determine the issues raised in the Motion." (*Id.*)

The Bankruptcy Court would appear to be the more appropriate forum to determine whether or not Plaintiffs' claims in this lawsuit were discharged by the Bankruptcy Court's prior discharge Order. This Court recently declined to resolve the issue on a motion to dismiss given that it is a fact-intensive inquiry. (ECF No. 54.) Because the Bankruptcy Court is able to make factual findings, and because that forum is clearly more familiar with other issues in Weiand Automotive's bankruptcy that might affect the resolution of the matter, it would seem that the Bankruptcy Court could more accurately and expeditiously determine the issue. *See, e.g.*, *Matter of Crystal Oil Co.*, 158 F.3d 291 (5th Cir. 1998).

Therefore, the Court **ORDERS** the parties **TO SHOW CAUSE**, in writing, on or before **September 18, 2015** (1) why the Bankruptcy Court should not resolve the issue whether Plaintiffs' claims in this lawsuit were discharged in Weiand Automotive's prior bankruptcy proceedings, and (2) why Plaintiffs' claims against Weiand Automotive should not be stayed pending that determination. Any brief filed shall not exceed five pages. Any party that wishes to file a responsive brief may do so no later than **September 25, 2015**, which shall also not exceed five pages. No hearing will be held. The Court will issue a further order thereafter.

**IT IS SO ORDERED.**

September 11, 2015

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**